FILED

2023 Mar-15  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STEVE GREGORY, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
|  v. | ) Case No.: |
| | ) |
| MOORE OIL CO., LLC; and | ) |
| MOORE OIL CO., INC., | ) |
| | ) |
|      Defendants. | ) |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, STEVE GREGORY (hereinafter "Gregory" and/or "Plaintiff"), hereby sues MOORE OIL CO., LLC, and MOORE OIL CO., INC. (hereinafter "MOORE LLC" and "MOORE INC," respectively, and/or jointly as "Defendants") and alleges as follows:

## <u>PARTIES</u>

1.      Plaintiff, Gregory, is a resident of Vestavia Hills, Jefferson County, Alabama, who has mobility disabilities and is limited in the major life activity of walking, which has caused him to utilize a wheelchair for mobility.  Gregory has quadriparesis which limits both his ability to walk as well as the use of his upper extremities.

2.      Defendant, Moore Inc., is a domestic corporation registered to do business and actually doing business in the State of Alabama. Moore Inc. owns and/or operates and/or leases a number of gas station and convenience store locations and/or properties and/or facilities in Alabama, specifically the Citgo gas station and convenience store located at 1487 Montgomery Highway in Vestavia Hills, Alabama.

3.      Defendant, Moore LLC, is a domestic limited liability company registered to do business and actually doing business in the State of Alabama. Moore LLC owns and/or operates and/or leases a number of gas station and convenience store locations and/or properties and/or facilities in Alabama, specifically the Chevron gas station and convenience store located at 4685 Hwy 280 in Birmingham, Alabama.

4.      Plaintiff has recently patronized Defendants' gas station and convenience store locations at 1487 Montgomery Highway in Vestavia Hills, Alabama, and at 4685 Hwy 280 in Birmingham, Alabama.  On other occasions within the last two years of the filing of this complaint, Plaintiff visited these locations, and he intends to continue to patronize Defendants' gas stations and convenience stores. At these locations, Plaintiff encountered barriers. Unless Defendants are required to remove the access barriers described below, Plaintiff will continue to be denied equal access to Defendants' facilities as described and

will be denied the ability to fully use Defendants' facilities.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12188, and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG").

6.     Plaintiff's claims arose in this judicial district and Defendants do ongoing, substantial, business in this judicial district, such that the assertion of personal jurisdiction over Defendants complies with fairness and does not offend justice.

7.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred as Defendants' gas station and convenience store locations are situated within this judicial district.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.      Congress enacted the ADA over thirty years ago and in so doing clearly stated its intention to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

9.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public

accommodation, transportation, and other important areas of American life. This lawsuit focuses on Defendants' systemic willful failure to comply with their ongoing readily achievable barrier removal obligations within their places of public accommodation in compliance with the ADA.

10.    Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

11.    A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

12.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

13.     The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods and services, which is among the ADA's general prohibitions, in a number of ways, including a defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in § 12182(b). Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities,

advantages, or accommodations of the entity.

## PLAINTIFF'S EXPERIENCE AT DEFENDANTS' LOCATIONS

14.     Gregory visited the gas station and convenience stores owned and/or operated by Defendants within the last two years, where he experienced unnecessary difficulty and risk in the exterior and interior areas of the facilities due to inaccessible parking, inaccessible and/or obstructed accessible routes, inaccessible entry/exit doors, obstructions maintained within the required clear floorspace to approach accessible elements, inaccessible toilet rooms, along with the other ADA access violations as set forth in more detail below. As a result, Gregory was caused to suffer feelings of isolation, social exclusion, and loss of opportunity.

15.     As a result of Defendants' non-compliance with the ADA, Plaintiff Gregory's ability to access and use Defendants' facilities has been significantly impeded and he has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

16.     Plaintiff Gregory has visited the facilities owned, operated, and/or controlled by Defendants located at 1487 Montgomery Highway in Vestavia Hills, Alabama, and at 4685 Hwy 280 in Birmingham, Alabama within the last two years, where he experienced unnecessary difficulty and risk in the exterior and interior facilities of the property because of barriers which prevented and continue to prevent

safe and equal access to goods and services for people in wheelchairs and/or with mobility impairments, which constitute discriminatory ADA accessibility violations at Defendants' properties as set forth in more detail below.

17.    At Defendant Moore Inc's store located at 1487 Montgomery Highway in Vestavia Hills, Alabama, Gregory encountered barriers and issues as follows:

a.  There are no accessible parking spaces provided and no van accessible parking spaces provided for a person with a mobility disability in the parking lot serving this location;

b.  The bagged ice cooler lacks the minimum requisite clear ground space;

c.  The public toilet rooms are too small for a wheelchair user and do not have enough clear floor space to provide a wheelchair turning radius;

d.  The grab bars provided are too short in that the rear grab bar is less than 36 inches and the side grab bar is less than 42 inches;

e.  The toilet paper dispenser is mounted too high and interferes with the use of the side grab bar;

f.  The lavatory pipes are not insulated to protect a wheelchair user;

g.  The mirror is mounted too high for a wheelchair user;

h.  The soap dispenser is mounted too high for a wheelchair user;

i.  The toilet room entry door is too heavy and closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch) for a wheelchair user to enter independently;

18.    At Defendant Moore LLC's store located at 4685 Hwy 280 in Birmingham, Alabama Gregory encountered barriers and issues as follows:

a. There are two parking spaces with some indicia of accessibility to the left of the building that lack access aisles necessary for a wheelchair user and these parking spaces are not located on an accessible route to the entrance of the convenience store;

b. There is a signed van accessible parking space near the entry, but the striping is faded such that there is no indication of where the parking space or access aisle is located, and cars often park in a manner that blocks the area that would be the access aisle if striping were visible;

c. Some self-service beverage dispensers have operating controls out of reach range;

d. The toilet rooms lack the international symbol of accessibility on the signs that designate them;

e. The men's toilet room entry door provides no wheelchair maneuvering clearance for a wheelchair user to exit the toilet room independently (basically, if the door closes once a wheelchair user enters, he cannot leave unless someone opens the door from the outside as the latch abuts to the wall).

f. The water closet in the men's toilet room is located too far from the side wall containing the side grab bar making it impossible for a wheelchair user to make a lateral transfer as the side grab bar is out of reach, and consequently, the toilet paper is also out of reach as well.

g. The lavatory in the men's toilet room lacks sufficient knee and toe clearance for a wheelchair user.

19.     On information and belief, some or all of these barriers named in Paragraphs 17 and 18, above, remain at these locations.

20.     Defendants' policy, practice, or procedure of failing to engage in readily achievable barrier removal efforts at its existing facilities is a failure to recognize and adhere to ongoing barrier removal obligations in violation of 28 CFR

§ 36.304. These failures are systemic and create barriers to equal access to Plaintiff that continually prevent Plaintiff, and those similarly situated, from equal participation in and benefit from Defendants' goods, services, and accommodations.

21.    The foregoing barriers to access are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

22.    The discriminatory violations described above are not an exhaustive list of the Defendants' ADA violations as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. 36.501. Plaintiff requires the inspection of the Defendants' subject properties in order to photograph and measure all of the discriminatory acts and practices violating the ADA and all of the barriers to access. Once the Plaintiff personally encounters discrimination or learns of discriminatory violations through expert findings or personal observation, he has actual notice that the defendant does not intend to comply with the ADA. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation to determine all of the areas of noncompliance with the Americans with Disabilities Act impacting the Plaintiff and all other individuals with disabilities similarly situated.

23.    The individual Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs

and activities of the Defendants' building and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

24.     The barriers to equal access described herein constitute substantial and pervasive discriminatory barriers to equal access which seriously affect the civil rights of individuals with disabilities, including Plaintiff's. To date, the discriminatory barriers still exist at the subject facility as Defendants have failed to remove, repair, or otherwise alter said barriers in such a way as to effectuate compliance with the provisions of the ADA. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a

remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27.     Notice to Defendants is not required as a result of Defendants' failure to cure the subject violations as required by 28 CFR 36.304(a), 28 CFR 36.401, and/or 28 CFR 36.402. The Plaintiff states that as soon as he encountered and/or observed the architectural barriers at the subject location he had actual notice that

the Defendant does not intend to comply with the ADA. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

28.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, Plaintiff and all other individuals with disabilities to the extent required by the ADA; or by closing the subject facilities until such time as the Defendants cure their violations of the ADA. The Order shall further require the Defendants to maintain the required accessible features on an ongoing basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.;

A. Injunctive relief against the Defendants, including an order to perform all readily achievable barrier removal at the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to fulfill their continuing duty to maintain their accessible elements, features, and equipment in the future so that their goods and services remain accessible to individuals with disabilities as required by 28 C.F.R. 36 § 211; and to make reasonable modifications in their policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of auxiliary aids and services;

B. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

C. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted this the 15th day of March, 2023.

/s/ *Edward I. Zwilling*_____
Edward I. Zwilling (ASB-1564-L54E)
LAW OFFICE OF EDWARD I.
ZWILLING, LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
T: (205) 822-2701
E: edwardzwilling@zwillinglaw.com


/s/ *Peter H. Burke*_____
Peter H. Burke (ASB-1992-K74P)
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
T: 205-747-1901
E: phburke@crlegalteam.com

/s/ *John Allen Fulmer II*_____
John Allen Fulmer II (ASB-1089-O42F)
FULMER LAW FIRM, PC

2330 Highland Avenue, South
Birmingham, AL 35205
T: (205) 210-5555
E: jaf@jafulmerlaw.com

*Attorneys for Plaintiff*


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Moore Oil Co, Inc.
c/o Ronald J. Moore, Registered Agent
1800 Center Point Road
Birmingham, AL 35215

Moore Oil, Co., LLC
c/o Ronald J. Moore, Registered Agent
1800 Center Point Road
Birmingham, AL 35215